NO. 07-01-0307-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 21, 2002



______________________________




BOBBY FREDERICK BRYANT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 21ST DISTRICT COURT OF BURLESON COUNTY;



NO. 11,545; HONORABLE J. R. TOWSLEE, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Bobby Frederick Bryant appealed the trial court's decision to proceed to
adjudication of the offense of burglary of a habitation after he was granted deferred
adjudication as the result of a plea bargain. His punishment was assessed at ten years
confinement in the Institutional Division of the Department of Criminal Justice. 

 Appellant's counsel has now filed a motion to withdraw, together with an Anders
brief. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967). In her brief, counsel certifies that after careful examination of the record, she has
concluded that appellant's appeal is without merit. Along with her brief, she has supplied
a copy of her letter to appellant advising him of the filing of the brief, her conclusion that
the appeal is without merit, and of his right to file a pro se brief. Appellant initially indicated
he would file a pro se brief and was given an extension of time until January 7, 2002 to do
so. We have not received a brief from him, nor has he attempted to get a further extension
of time to make such a filing.

 In considering counsel's motion to withdraw, we must first satisfy ourselves that the
attorney has provided the client with a diligent and thorough search of the record for any
arguable claim that might support her client's appeal, and then we must determine whether
counsel has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals
of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); High v. State,
573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel certifies that she has reviewed the
record both as to the question of whether the original plea of guilty was freely and
voluntarily given after the necessary admonishments and as to whether there are any
arguable grounds for appeal of the adjudication hearing. She concludes that appellant's
plea of guilty, waiver, stipulation and judicial confession meet the statutory requirements. 
She also notes that appellant was informed of the consequences of a violation of his
community supervision and that there is no right to appeal from a trial court's determination
to proceed with an adjudication of guilt. See Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b)
(Vernon Supp. 2002). The record further indicates that a competency evaluation was
performed prior to the adjudication hearing and appellant was found competent to stand
trial. Although appellant entered a plea of not true to the alleged violations of his
community supervision, during his testimony at that hearing, he admitted several violations
of the conditions of that community supervision.

 We have also made an independent examination of the record to determine whether
there are any arguable grounds that might support the appeal. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds and agree with counsel that the
appeal is without merit and is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Crim.App.
1974).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed. 


 John T. Boyd

 Chief Justice


Do not publish. 



n>Miles B. Horton (appellant) filed a notice of appeal from his conviction for driving
while intoxicated on December 19, 2007. On December 14, 2007, the trial court signed
its certification representing that appellant has the right of appeal. However, the appellate
record reflects that appellant failed to sign the certification pursuant to Texas Rule of
Appellate Procedure 25.2(d) which requires the certification to be signed by appellant and
a copy served on him.



          Consequently, we abate the appeal and remand the cause to the County Court at
Law Number Two of Lubbock County (trial court) for further proceedings. Upon remand,
the trial court shall take such action necessary to secure and file with this court a certificate
of right to appeal that complies with Texas Rule of Appellate Procedure 25.2(d) by March
28, 2008. Should additional time be needed to perform these tasks, the trial court may
request same on or before March 28, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish.